UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERLING OLMERO LOPEZ POLANCO,<br><br>Plaintiff(s),<br><br>v.<br><br>LORETTA E. LYNCH, et al.,<br><br>Defendant(s). | Case No. 2:15-CV-1234 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Erling Olmero Lopez-Polanco's motion for summary judgment (ECF No. 17). Defendants Loretta E. Lynch, Jeh Johnson, Leon Rodriguez, Ron Rosenberg, and Laura B. Zuchowski's filed a response and cross-motion for summary judgment (ECF Nos. 21, 23). Plaintiff filed a response to defendants' cross-motion (ECF No. 24), and defendants filed a reply. (ECF No. 25).

**I.      Background**

The present case arises from plaintiff's attempt to establish nonimmigrant status through United States Citizenship and Immigration Services ("USCIS"). Plaintiff, a native and citizen of Guatemala, entered the United States without inspection sometime between 2004 and 2006. (ECF No. 14-1 at 374, 378, 666). On February 22, 2012, the Department of Homeland Security initiated removal proceedings against plaintiff at the Las Vegas Immigration Court. (*Id*. at 666). The immigration court stayed the proceedings in order to allow plaintiff to adjudicate a Form I-918 petition with USCIS. (*Id*. at 162).

Plaintiff submitted a Form I-918 petition seeking "U" nonimmigrant status, commonly known as a U-Visa, under 8 U.S.C. § 1101(a)(15)(U). (*Id.* at 374). In order to meet the requirements set forth by section 1101(a)(15)(U), plaintiff submitted a Supplement B form that

**James C. Mahan**
**U.S. District Judge**

1    Lieutenant James Weiskopf certified in support of his petition. (*Id*. at 403–05). The supplement
2    indicated that on July 19, 2011, plaintiff was a victim of burglary and robbery, suffered from
3    mental anguish and instability as a result of the crime, and is being or is likely to be helpful to
4    officials. (*Id.* at 403–04). The supplement also includes a brief account of the events on July 19,
5    2011, which corroborate the official police narrative. (*Id.* at 405).

6    According to the police narrative, which the parties do not dispute, the events on July 19,
7    2011, took place at plaintiff's apartment at 7:00 in the morning. (*Id.* at 384). Jose Guzman came
8    in from the front door, hit plaintiff in the head and back, and knocked plaintiff to the ground. (*Id.*).
9    Guzman subsequently took plaintiff's wallet, stole a debit card, and threw the wallet back at
10   plaintiff. (*Id.*). While leaving Guzman stated, "I will be back to kill you." (*Id.*). The case report
11   identifies a knife as Guzman's primary means of attack and describes the suspected action against
12   plaintiff as "cut/stabbed," "forced entry," and "hit/assaulted during act." (*Id*. at 450, 454). The
13   report also indicated that the criminal activity included domestic violence because Guzman is a
14   "relative by marriage." (*Id.* at 454).

15   The USCIS issued a notice instructing plaintiff to submit further evidence in support of his
16   petition because the crimes indicated on the Supplement B form were not sufficient to establish
17   nonimmigrant status. (*Id*. at 390–91). In response, plaintiff submitted a second Supplement B form
18   that Lieutenant Weiskopf certified, indicating that plaintiff was also a victim of felonious assault.
19   (*Id.* at 395).

20   On March 11, 2014, the USCIS denied plaintiff's petition on the grounds that he failed to
21   establish that he was the victim of a qualifying criminal activity. (*Id*. at 371). The agency explained
22   that the Supplement B form did not include crimes that are specifically listed in 8 U.S.C. §
23   1101(a)(15)(U)(iii) or criminal activities that are similar to those crimes. (*Id*. at 370).

24   On November 20, 2014, plaintiff filed an appeal of USCIS's decision with USCIS's
25   Administrative Appeals Office ("AAO"). (*Id.* at 152, 203). Plaintiff argued that the USCIS failed
26   to consider whether he was a victim of felonious assault, an offense enumerate in section
27   1101(a)(15)(U)(iii), and that the agency had made a mistake in its domestic violence analysis. (*Id.*
28   at 207–09). The AAO, in a non-precedential decision, affirmed USCIS's decision. (*Id.* at 144,

**James C. Mahan**
**U.S. District Judge**

- 2 -

150). The AAO held that invasion of the home (burglary) and robbery are not similar enough to a qualified crime enumerated in 8 U.S.C. § 1101(a)(15)(U)(iii), specifically felonious assault. (*Id.* at 149). The AAO further held that plaintiff was not a victim of domestic violence because he did not establish a familial relationship with Guzman or indicate that Guzman was a member of his household during or before the assault. (*Id.* at 150).

On June 30, 2015, plaintiff filed a complaint to this court challenging the AAO's denial of his Form I-918 petition. (ECF No. 1).

## II. Legal Standard

### a. Summary Judgment

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

**James C. Mahan**
**U.S. District Judge**

- 3 -

consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weight the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

b.  *Review of Administrative Judgment*

Under 5 U.S.C. § 706 of the Administrative Procedure Act ("APA"), a court may set aside any agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). *See Young China Daily v. Chappell,* 742 F. Supp. 552, 554–55 (N.D. Cal. 1989) (finding an abuse of discretion where agency relied on irrelevant factors and failed to consider relevant factors in denying a petition). As the Ninth Circuit has explained, a district court's review of an administrative action must be made on the basis of the administrative record. *Tongatapu Woodcraft Hawaii Ltd. v. Feldman,* 736 F.2d 1305, 1308 (9th Cir. 1984). An

**James C. Mahan
U.S. District Judge**

- 4 -

agency's decision is arbitrary and capricious if it "offered an explanation for its decision that ran counter to the evidence before the agency." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.,* 100 F.3d 1443, 1448 (9th Cir. 1996) (brackets omitted).

In *Chevron* the Supreme Court established a two-pronged framework for judicial review of an administrative agency's interpretation of the statutes and regulations that it administers:

> If congressional intent is clear, both the court and the agency must give effect to the unambiguously expressed intent of Congress. If, however, Congress has not directly addressed the exact issue in question, a reviewing court must defer to the agency's construction of the statute so long as it is reasonable.

*Garcia-Quintero v. Gonzales,* 455 F.3d 1006, 1011–12 (9th Cir. 2006) (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842–43 (1984) (internal quotation marks and citations omitted).

However, in *United States v. Mead Corp.,* 533 U.S. 218, 226–27 (2001), the Supreme Court held that *Chevron* deference applies only "when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." The Ninth Circuit has interpreted *Mead* as placing "crucial limits on *Chevron*-deference owed to administrative practice in applying a statute, clarifying that agency interpretations promulgated in a non-precedential manner are beyond the *Chevron* pale." *Garcia-Quintero,* 455 F.3d at 1012 (internal quotation marks omitted); *see also Hall v. EPA*, 273 F.3d 1146, 1156 (9th Cir. 2001) ("Interpretations of the Act set forth in non-precedential documents are not entitled to *Chevron* deference."). "In light of *Mead,* the essential factor in determining whether an agency action warrants *Chevron* deference is its precedential value." *Garcia-Quintero,* 455 F.3d at 1012 (internal quotation marks omitted).

Here, the AAO states that it has delivered a "non-precedent decision." (ECF No. 14-1 at 144). Accordingly, the court will not apply *Chevron* deference. Nevertheless, under the section 706(2)(A) standard, a court may not "substitute its judgment for that of the agency." *Northwest Motorcycle Assoc. v. U.S. Dept. Agriculture,* 18 F.3d 1468, 1471 (9th Cir. 1994). Instead, a court 'must consider whether the decision was based on a consideration of the relevant factors and

**James C. Mahan**
**U.S. District Judge**

- 5 -

whether there has been a clear error of judgment.' " *Id.* (citing *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416 (1971)).

### III.     Discussion

Plaintiff argues that the AAO erred in affirming the USCIS's denial of the Form I-918 petition because the AAO failed to consider whether plaintiff was the victim of felonious assault. (ECF No. 17 at 18). Defendants argue that the AAO's affirmation of the USCIS decision was appropriate because the agency's decision included a *de novo* review of all the materials in the petition, including any records that might indicate that plaintiff is a victim of felonious assault. (ECF No. 23 at 14).

"U" nonimmigrant status pursuant to 8 U.S.C. § 1101(a)(15)(U) is an immigration benefit for victims of crimes who have, are, or are likely to assist law enforcement in the investigation or prosecution of a crime. The USCIS, before deciding whether a party qualifies for a U-Visa, has an obligation to conduct a *de novo* review of all the evidence that the parties submit in connection with the Form I-918 petition. 8 C.F.R. 214.14(c)(4).

In determining whether a party qualifies for this U-Visa, agencies or courts must conduct a two-part test. First, agencies or courts must either find that the party is admissible to the United States or waive grounds for inadmissibility. 8 C.F.R. § 214,1(a)(3)(i). Second, agencies and courts must find that the party meets the following requirements: (1) the alien has suffered substantial physical or mental abuse as a result of having been a victim of qualified criminal activity, (2) the alien possesses information concerning the criminal activity, (3) the alien has been helpful, is helpful, or is likely to be helpful to officials investigating or prosecuting the criminal activity, and (4) the criminal activity violated the law of the United States or occurred in the United States. 8 U.S.C. § 1101(a)(15)(U)(i)(I)-(IV).

A party can be a victim of a qualified criminal activity by being a victim of a crime enumerated in 8 U.S.C. § 1101(a)(15)(U)(iii) or by being a victim of any "similar activity." 8 U.S.C. § 1101(a)(15)(U)(iii). Section 1101(a)(15)(U)(iii) lists felonious assault and domestic violence as qualifying crimes, but does not list burglary or robbery. *See id*. Alternatively, criminal activity qualifies as "similar activity" when "the nature and elements of the offenses are

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  substantially similar to the statutorily enumerated list of criminal activities" rather than the facts
2  of the crime. 8 C.F.R. § 214.14(a)(9).

3  The AAO held that the elements of burglary and robbery are not substantially similar to
4  felonious assault and, therefore, are not qualifying crimes. (ECF No. 14-1 at 148–49). The AAO
5  also held that plaintiff was not a victim of domestic violence. (*Id.* at 150). However, the AAO's
6  decision and the administrative record do not indicate that the AAO considered whether plaintiff
7  was a victim of felonious assault, which is a qualifying crime. Furthermore, the defendants do not
8  bring forth any facts or arguments explaining why the AAO did not specifically address plaintiff's
9  felonious assault argument. Instead, defendants make a conclusory claim that the AAO conducted
10 a *de novo* review, which prevents the decision from being "arbitrary, capricious, an abuse of
11 discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

12 The record does not clearly indicate why the AAO did not address whether plaintiff was a
13 victim of felonious assault. The court sees two possible explanations. First, the AAO may have
14 conducted a review of plaintiff's felonious assault argument, found that the plaintiff was not a
15 victim, and failed to create a record of the analysis in its decision. Second, the AAO may have
16 excluded felonious assault from their analysis because it was not an investigated crime. *See* (ECF
17 No. 14-1 at 149).

18 The USCIS's failure to address the felonious assault argument was one of the central
19 reasons for plaintiff's appeal. *See* (ECF No. 14-1 at 207–08). The AAO should have addressed or
20 at least acknowledged plaintiff's argument. Instead, the record before the court contains no
21 indication that the AAO, in its supposedly *de novo* review, considered whether plaintiff was a
22 victim of felonious assault.

23 The AAO's failure to address one of plaintiff's central arguments in its decision or,
24 alternatively, failure to assess the felonious assault argument at all constitutes a clear error of
25 judgment because by doing so the AAO left out relevant factors in its analysis. *Cf. Young China*
26 *Daily,* 742 F. Supp. at 554–55 (finding an abuse of discretion where agency relied on irrelevant
27 factors and failed to consider relevant factors in denying a petition); *see Northwest*, 18 F.3d at
28 1471. Furthermore, the AAO's decision offers an explanation that runs counter to the evidence,

**James C. Mahan**
**U.S. District Judge**

- 7 -

specifically the felonious assault content in the second Supplement B and case report. *See generally Sw. Ctr. for Biological Diversity,* 100 F.3d at 1448. Because the USCIS did not strike these documents, the AAO cannot ignore them. To do so would be a failure to consider evidence before the agency and would constitute a clear error of judgment. *See id*.; *see also Northwest Motorcycle*, 18 F.3d at 1471.

### IV. Conclusion

The court finds that the AAO committed a clear error of judgment when it did not address, consider, or give sufficient reason to not consider whether plaintiff was a victim of felonious assault. In fact, the decision never even mentions plaintiff's argument. The AAO's decision is non-precedential and, therefore, the court can set aside the decision upon finding a clear error of judgement. *See Garcia-Quintero,* 455 F.3d at 1012; *see also Hall*, 273 F.3d at 1156; *see also Northwest Motorcycle*, 18 F.3d at 1471.

The AAO is more acquainted with the record and relevant laws than this court, making it the appropriate venue for resolving plaintiff's dispute. Therefore, the court vacates the AAO's decision and remands this case back to the AAO for an appropriate consideration of plaintiff's felonious assault argument.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Erling Olmero Lopez-Polanco's motion for summary judgment (ECF No. 17), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendants Loretta E. Lynch, et.al., cross-motion for summary judgment (ECF No. 21), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the AAO's judgment be, and the same hereby is, VACATED, and the appeal of plaintiff's petition is REMANDED for reconsideration, consistent with the foregoing.

DATED July 21, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge